**FILED**

JUN 2 5 2008

Jun 25, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LASHAWN LITTRICE | ) |

Case No. **08 CR 513**

Violations: Title 26, United States Code
§ 7206(2).

JUDGE PALLMEYER

MAGISTRATE JUDGE MASON

### COUNT ONE

The SPECIAL MARCH 2007 GRAND JURY charges:

1.     At times material to this indictment:

a.     The Internal Revenue Service ("IRS") provided that taxpayers who were entitled to a refund of federal individual income taxes could claim that refund by signing and filing in person, by mailing a U.S. Individual Form 1040, 1040A, 1040EZ (collectively referred to hereinafter as "Form 1040"), or by participating in the "Electronic Filing" program.

b.     The information which the Form 1040 required the taxpayer to provide included, but was not limited to, the taxpayer's name and address, social security number, number of dependants, total income for the tax year, the amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed.

c.     Taxpayers were permitted to deduct from their taxable income certain expenses, including but not limited to expenses related to medical treatment, mortgage interest payments, gifts to charity, and unreimbursed employee expenditures, reported on

Schedule A; loss from a business on Schedule C; capital losses reported on Schedule D; loss from rental properties on Schedule E; qualifying child and dependent care expenses on Form 2441. Each of these forms were filed along with the taxpayer's Form 1040. Taxpayers were also permitted to take certain tax credits, such as the Earned Income Tax Credit on Form 1040.

        d.     The IRS relied upon information from the Form 1040, including but not limited to the Schedule A, Schedule C, Schedule D, Schedule E, and Form 2441, in determining and issuing taxpayer refunds. After receiving this information, the IRS would issue a refund to the taxpayer if there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

        e.     Defendant LASHAWN LITTRICE was the sole owner and president of Diamond Accounting and Financial Services, Inc., ("Diamond Accounting") an Illinois corporation, located at different times at 15525 S. Park Avenue, 16238 Prince Drive, and 16252 Prince Drive, all in South Holland, Illinois. Diamond Accounting was an Electronic Return Originator ("ERO"). An ERO was an entity that "originates" the electronic submission of tax returns to the IRS. Diamond Accounting had an Electronic Filer Identification Number ("EFIN") issued by the IRS which allowed the company to electronically file Form 1040 tax returns with the IRS.

        f.     Beginning in or about 1999 and continuing until at least in or about 2006, defendant LASHAWN LITTRICE presented herself as an income tax preparer

2

associated Diamond Accounting. Defendant's services included preparing tax returns and filing those returns on behalf of individual taxpayers.

2.     While preparing tax returns at Diamond Accounting, defendant LITTRICE held herself out to clients as a person trained in and knowledgeable about the preparation and filing of Federal Income Tax Returns. Defendant LITTRICE attempted to and did attract customers by agreeing to prepare their Federal Income Tax Returns in exchange for a fee.

3.     Defendant LITTRICE increased certain clients' tax refunds by fraudulently overstating or misrepresenting their filing status, tax credits, expenses and deductions on Form 1040, Schedule A, Schedule C and Schedule E which were used to decrease the clients' tax liability, thereby fraudulently reducing their tax liability and improperly qualifying them for refunds.

4.     For tax year 2002 through 2005, defendant LITTRICE prepared at least approximately 57 false and fraudulent Forms 1040, on behalf of her clients. Each return included at least one material false item, including improper filing statuses; false Schedules A, deductions including medical expenses, gifts to charity, and unreimbursed job expenses; overstated or fictitious Schedule C business income and/or losses; overstated or fictitious Form 2441 childcare expenses; overstated or fictitious Schedule E rental property income and/or losses; and false claims for the Earned Income Tax Credit, amongst other things, and resulted in a total tax loss of at least approximately $145,300.

5.     On or about February 3, 2005, an IRS agent, acting in an undercover capacity,

3

went to Diamond Accounting to have a tax return prepared for tax year 2004. The undercover agent provided defendant LITTRICE with a Form W2 and information for one dependent. Defendant knowingly and willfully prepared a false federal income tax return for the undercover agent which had false deductions for gifts to charity, unreimbursed job expenses and claimed a false education tax credit resulting in a tax loss to the IRS of approximately $4,228.

6.    On or about April 15, 2003, at South Holland, in the Northern District of Illinois, Eastern Division,

LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer LC, namely, an individual income tax return Form 1040 for tax year 2002, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.    On Schedule A, line 20, that Taxpayer LC had unreimbursed employee job expenses totaling $7,529;

b.    On Schedule A, line 18, that Taxpayer LC had gifts to charity totaling $6,938; and

c.    On Form 1040, lines 70-71a, that Taxpayer LC was entitled to a refund in the amount of $6,330;

4

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer LC, namely, an individual income tax return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.      On Schedule A, lines 1-4, that Taxpayer LC were entitled to a deduction of $1,266 for medical and dental expenses totaling $5,342;

b.      On Schedule A, line 20, that Taxpayer LC had unreimbursed employee job expenses totaling $8,574;

c.      On Schedule A, line 18, that Taxpayer LC had gifts to charity totaling $8,172; and

d.      On Form 1040, lines 69-70a, that Taxpayer LC was entitled to a refund in the amount of $7,497;

6

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer CK, namely, an individual income tax return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

        a.      On Form 1040, line 1, that Taxpayer CK was single;

        b.      On Schedule A, lines 1-4, that Taxpayer CK were entitled to a deduction of $5,942 for medical and dental expenses totaling $7,812;

        c.      On Schedule A, line 18, that Taxpayer CK had gifts to charity totaling $7,971;

        d.      On Schedule A, line 20, that Taxpayer CK had unreimbursed employee job expenses totaling $5,917;

        e.      On Schedule E, lines 23 and 25, that Taxpayer CK had losses from

8

rental real estate totaling $10,249; and

        f.       On Form 1040, lines 69-70a, that Taxpayer CK was entitled to a refund

in the amount of $3,492;

whereas defendant knew that such information was false and fraudulent;

        In violation of Title 26, United States Code, Section 7206(2).

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    On or about April 15, 2005 at South Holland, in the Northern District of Illinois, Eastern Division,

LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer CK, namely, an individual income tax return Form 1040 for tax year 2004, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

       a.    On Form 1040, line 1, that Taxpayer CK was single;

       b.    On Schedule A, line 18, that Taxpayer CK had gifts to charity totaling $6,057

       c.    On Schedule E, lines 23 and 25, that Taxpayer CK had $12,681 in losses from rental real estate; and

       d.    On Form 1040, lines 71-72a, that Taxpayer CK was entitled to a refund in the amount of $5;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

10

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.     On or about April 15, 2006 at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer CK, namely, an individual income tax return Form 1040 for tax year 2005, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

       a.     On Form 1040, line 1, that Taxpayer CK was single;

       b.     On Schedule A, line 18, that Taxpayer CK had gifts to charity totaling $3,809; and

       c.     On Form 1040, lines 72-73a, that Taxpayer CK was entitled to a refund in the amount of $1,044;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

11

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.     On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer TK, namely, an Individual Income Tax Return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

    a.     On Form 1040, line 1, that Taxpayer TK was single;

    b.     On Schedule A, lines 1-4, that Taxpayer TK were entitled to a deduction of $4,779 for medical and dental expenses totaling $7,951;

    c.     On Schedule A, line 18, that Taxpayer TK had gifts to charity totaling $7,444; and

    d.     On Schedule A, line 20, that Taxpayer TK had unreimbursed employee job expenses totaling $7,713;

    e.     On Form 1040, lines 69-70a, that Taxpayer TK was entitled to a refund in the amount of $4,464;

12

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.     On or about April 15, 2005, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer TK, namely, an Individual Income Tax Return Form 1040 for tax year 2004, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

    a.     On Form 1040, line 1, that Taxpayer TK was single;

    b.     On Schedule A, line 18, that Taxpayer TK had gifts to charity totaling $6,266;

    c.     On Schedule A, line 20, that Taxpayer TK had unreimbursed employee job expenses totaling $7,577; and

    d.     On Form 1040, lines 71-72a, that Taxpayer TK was entitled to a refund in the amount of $5,265;

whereas defendant knew that such information was false and fraudulent;

    In violation of Title 26, United States Code, Section 7206(2).

14

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2006, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer TK, namely, an Individual Income Tax Return Form 1040 for tax year 2005, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

        a.      On Form 1040, line 1, that Taxpayer TK was single;

        b.      On Schedule A, line 18, that Taxpayer TK had gifts to charity totaling $4,712;

        c.      On Schedule A, line 20, that Taxpayer TK had unreimbursed employee job expenses totaling $5,127; and

        d.      On Form 1040, lines 72-73a, that Taxpayer TK was entitled to a refund in the amount of $2,277;

whereas defendant knew that such information was false and fraudulent;

        In violation of Title 26, United States Code, Section 7206(2).

15

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.     On or about April 15, 2003, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer AP, namely, an Individual Income Tax Return Form 1040 for tax year 2002, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

     a.     On Schedule A, line 18, that Taxpayer AP had gifts to charity totaling $8,690;

     b.     On Schedule A, line 20, that Taxpayer AP had unreimbursed employee job expenses totaling $8,917;

     c.     On Schedule C, lines 31, that Taxpayer AP suffered a net loss from her business totaling $12,335;

     d.     On Form 1040, lines 70-71a, that Taxpayer AP as entitled to a refund in the amount of $4,337;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    On or about April 15, 2004 at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer AP, namely, an Individual Income Tax Return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.    On Schedule A, line 18, that Taxpayer AP had gifts to charity totaling $9,229;

b.    On Schedule A, line 20, that Taxpayer AP had unreimbursed employee job expenses totaling $6,915;

c.    On Schedule C, lines 31, that Taxpayer AP suffered a net loss from her business totaling $13,933;

d.    On Form 1040, lines 69-70a, that Taxpayer AP as entitled to a refund in the amount of $5,077;

18

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT ELEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer TR, namely, an individual income tax return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.      On Form 1040, line 4, that Taxpayer TR was head of household;

b.      On Form 2441, line 3, that Taxpayer TR claimed child and dependant care expenses totaling $4,800;

c.      On Form 1040, line 63, that Taxpayer TR was entitled to earned income credit of totaling $2,847; and

d.      On Form 1040, lines 69-70a, that Taxpayer TR was entitled to a refund in the amount of $4,799;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

20

## COUNT TWELVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2005 at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer TR, namely, an individual income tax return Form 1040 for tax year 2004, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.      On Form 1040, line 4, that Taxpayer TR was head of household;

b.      On Form 2441, line 3, that Taxpayer TR claimed child and dependant care expenses totaling $6,000;

c.      On Form 1040, line 65a, that Taxpayer TR was entitled to earned income credit of totaling $3,366; and

d.      On Form 1040, lines 69-70a, that Taxpayer TR was entitled to a refund in the amount of $4,569;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

21

## COUNT THIRTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer LR, namely, an Individual Income Tax Return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

      a.    On Form 1040, line 4, that Taxpayer LR was head of household;

      b.    On Schedule A, line 18, that Taxpayer LR had gifts to charity totaling $4,799;

      c.    On Schedule A, line 20, that Taxpayer LR had unreimbursed employee job expenses totaling $3,219;

      d.    On Form 2441, line 3, that Taxpayer LR claimed child and dependant care expenses totaling $2,400;

      e.    On Form 1040, line 63, that Taxpayer LR was entitled to earned income

22

credit of totaling $1,141;

      f.     On Form 1040, lines 69-70a, that Taxpayer LR was entitled to a refund in the amount of $2,940;

whereas defendant knew that such information was false and fraudulent;

     In violation of Title 26, United States Code, Section 7206(2).

## COUNT FOURTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2005, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer LR, namely, an Individual Income Tax Return Form 1040 for tax year 2004, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.      On Form 1040, line 4, that Taxpayer LR was head of household;

b.      On Schedule A, line 18, that Taxpayer LR had gifts to charity totaling $5,187;

c.      On Schedule A, line 20, that Taxpayer LR had unreimbursed employee job expenses totaling $4,718;

d.      On Form 2441, line 3, that Taxpayer LR claimed child and dependant care expenses totaling $3000; and

e.      On Form 1040, lines 71-72a, that Taxpayer LR was entitled to a refund

24

in the amount of $2,826;

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT FIFTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.      On or about April 15, 2004, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer JS, namely, an Individual Income Tax Return Form 1040 for tax year 2003, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

        a.      On Schedule A, line 18, that Taxpayer JS had gifts to charity totaling $3,121;

        b.      On Schedule A, line 20, that Taxpayer JS had unreimbursed employee job expenses totaling $4,152;

        c.      On Form 2441, line 3, that Taxpayer JS had child and dependant care expenses totaling $3,000; and

        d.      On Form 1040, lines 69-70a, that Taxpayer JS was entitled to a refund in the amount of $3,871;

26

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SIXTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraphs 1-6 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    On or about April 15, 2005, at South Holland, in the Northern District of Illinois, Eastern Division,

### LASHAWN LITTRICE,

defendant herein, willfully aided and assisted in the preparation and presentation to the Internal Revenue Service of a return and claim on behalf of Taxpayer JS, namely, an Individual Income Tax Return Form 1040 for tax year 2004, which was false and fraudulent as to material matters contained therein, in that defendant falsely represented and stated on said return that:

a.    On Schedule A, line 18, that Taxpayer JS had gifts to charity totaling $4,371;

b.    On Schedule A, line 20, that Taxpayer JS had unreimbursed employee job expenses totaling $4,418;

c.    On Form 2441, line 3, that Taxpayer JS had child and dependant care expenses totaling $3,000; and

d.    On Form 1040, lines 71-72a, that Taxpayer JS was entitled to a refund in the amount of $3,638;

28

whereas defendant knew that such information was false and fraudulent;

In violation of Title 26, United States Code, Section 7206(2).


A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY