UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 513 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| LASHAWN LITTRICE ) | |

**GOVERNMENT'S EMERGENCY MOTION FOR RULE TO SHOW CAUSE WHY DEFENDANT'S PRETRIAL RELEASE SHOULD NOT BE REVOCATED**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD United States Attorney for the Northern District of Illinois, moves this Court to issue a Rule to Show Cause why defendant's release should not be revoked pursuant to 18 U.S.C. § 3148(b) as there is probable cause to believe that defendant has violated her pretrial release conditions by continuing to prepare tax returns.

In support of this motion, the government states the following:

1. On June 25, 2008, a grand jury returned an indictment charging defendant LaShawn Littrice with 16 counts of tax preparer fraud.

2. On July 10, 2008, this court entered an order setting conditions of release which prohibited defendant from aiding or assisting others in the preparation of tax returns. A copy of which is attached as Government Exhibit A.

3. On July 10, 2008, the court appointed Tyree Davis as defendant's third party custodian.

4. On or about March 9, 2009, the government filed a rule to show cause why defendant's pretrial release should not be terminated. That motion was filed based upon

information which the government had received regarding defendant's preparation of tax returns in violation of the court's pretrial release order.

5. On March 10, 2009, the court held a hearing on the government's motion. During that hearing, in the presence of the defendant, defendant's attorney stated. "Judge, Ms. Littrice denies that she has prepared tax form [sic] since you ordered her not to." *U.S. v. Littrice*, Transcript of Proceedings, March 10, 2009 (hereinafter "Transcript") at p. 7, attached hereto as Government Exhibit B.

6. In ruling on the motion, this court stated "I am not going to revoke Ms. Littrice's bond at this time, but let me just make clear that I am concerned about it. And if there is additional evidence uncovered that Ms. Littrice or people under her direction are preparing tax returns, it would be a very, very serious violation of the Court's pretiral order." Transcript at p. 11-12. In response, defendant's attorney stated "I understand that. We have had this discussion. And I think she certainly understands her responsibility. I mean, she is allowed to do accounting but *not anything involved with taxes*." Transcript at p. 12 (emphasis added). The court further stated, "She should steer very, very clear of it. And if other people within her direction and control are engaged in tax returns, she might want to get herself away from the facility altogether." Transcript at p. 12.

7. There is probable cause to believe that defendant has violated this court's pretrial release order by aiding and assisting others in preparing tax returns, made material false representations to this court regarding her preparation of tax returns and further violated the court's order by attempting to represent a taxpayer client at a tax audit.

8.     On or about March 17, 2010, Taxpayer PE advised IRS special agents that defendant, LaShawn Littrice, had prepared her tax returns in January or February of 2009 for tax year 2008 and in February 2010 for 2009. On April 22, 2010, Taxpayer PE completed an affidavit explaining that defendant had not only prepared her tax return for tax year 2008, but that defendant had included false information in that return including inflated unreimbursed job expenses on the Schedule A and false legal expenses on the Schedule E. Taxpayer PE also stated that she never met the person whose name appears on her tax return as the preparer. Affidavit of Taxpayer PE dated 4/22/10 attached hereto and incorporated herein as Government Exhibit C.

9.     On or about April 9, 2010, IRS agents interviewed Taxpayer AE who advised agents that defendant had prepared his 2008 joint tax return in March 2009. Taxpayer AE further advised the agents that defendant falsely inflated Taxpayer AE and his wife's gifts to charity as well as their unreimbursed employment expenses. Taxpayer AE stated that defendant did not prepare his tax return for tax year 2009. Taxpayer AE further stated that he had never met with the persons identified as the tax preparer on his 2008 and 2009 returns. Affidavit of Taxpayer AE dated 4/9/10 attached hereto and incorporated herein as Government Exhibit D.

10.    On or about April 6, 2010, the IRS sent a notice to Taxpayer SW advising her that her return for 2007 had been selected for examination. On April 20, 2010, in response to that notice, defendant and the Taxpayer SW executed "power of attorney" indicating that defendant would represent the taxpayer before the IRS. As part of the "power of attorney"

form, defendant declared that "I am not currently under suspension or disbarment from practice before the Internal Revenue Service." Power of Attorney, Form 2848, attached hereto and incorporated herein as Government Exhibit E. Government Exhibit E is signed LaShawn Littrice, apparently using a stamp.

11.     In addition to the signed written form, defendant called the IRS auditor and left a message for the auditor advising that defendant would be representing Taxpayer SW. A transcript of the redacted voice mail message is attached hereto and incorporated herein as Government Exhibit F. (A copy of the recording will be provided to defendant's attorney on the date this motion is filed and will be made available to the court upon request.)

12.     Based upon the sworn affidavits of Taxpayer AE and Taxpayer PE, there is probable cause to believe that the defendant not only violated the court's pretrial release order by continuing to prepare tax returns. Defendant continued to prepare false and fraudulent tax returns in violation of the pretrial release order and Title 26 U.S.C. § 7206(2).

13.     Further, defendant made false representations to this court on March 10, 2009, when her attorney stated "Judge, Ms. Littrice denies that she has prepared tax form [sic] since you ordered her not to." Transcript at p. 7.

14.     There is further evidence that defendant intends to continue to violate the court's pretrial release order in that defendant is attempting to represent at least one taxpayer before the IRS regarding tax returns she previously prepared. Defendant has also falsely represented that she is eligible to represent such taxpayers even after being specifically told

4

by this court that she could "not [do] anything involved with taxes." Government Exhibit E and Transcript at p. 12.

15. Based on the above there is probable cause to believe that defendant has violated the court's pretrial release order reportedly, even after being admonished by the court and will continue to violate this court's orders. Thus, pursuant to Title 18 U.S.C. §3148(a), (b)(1)and (b)(2)(B), defendant's release should be revoked and defendant should be immediately detained.

## CONCLUSION

Based on the above, the government requests that this court revoke defendant's pretrial release, and order that she be immediately detained.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Lela D. Johnson
LELA D. JOHNSON
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 353-4320

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S EMERGENCY MOTION FOR RULE TO SHOW CAUSE WHY DEFENDANT'S PRETRIAL RELEASE SHOULD NOT BE REVOCATED**

was served on April 27, 2010, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Lela D. Johnson
LELA D. JOHNSON
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois
(312) 353-4320